# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN RE: ASBESTOS LITIGATION: )
)
*Limited to:* )
)
CRAIG CHARLES RICHARDS and )
GLORIA JEANNE RICHARDS, his wife )
) C.A. No. N16C-04-206 ASB
Plaintiffs, )
)
v. )
)
COPES-VULCAN, INC., )
THE FAIRBANKS COMPANY, )
FORD MOTOR COMPANY, and )
THE GOODYEAR TIRE & RUBBER )
COMPANY, et al., )
)
Defendants. )

Submitted: July 30, 2018
Decided: August 8, 2018

## ORDER

Upon Plaintiffs' Motion for Leave to Supplement Expert Report Due to
Changes in Substantive Law, and/or for Reargument
**DENIED.**

Bartholomew J. Dalton, Esquire, Ipek K. Medford, Esquire, Andrew C. Dalton, Esquire, Michael C. Dalton, Esquire, Dalton & Associates, Cool Spring Meeting House, 1106 West Tenth Street, Wilmington, Delaware 19086; Adam Balick, Esquire, Michael Collins Smith, Esquire, Patrick Smith, Esquire, Balick & Balick, LLC, 711 King Street, Wilmington, Delaware 19801, Attorneys for Plaintiffs Craig Charles Richards and Gloria Jeanne Richards, his wife; Weitz & Luxenberg, P.C., 700 Broadway, New York, New York 10003, of counsel.

Paul A. Bradley, Esquire, Antoinette D. Hubbard, Esquire, Maron Marvel Bradley

Anderson & Tardy LLC, 1201 North Market Street, Suite 900, Wilmington, Delaware 19801, Attorneys for Defendant Copes-Vulcan, Inc.

Timothy A. Sullivan, III, Esquire, Wilbraham, Lawler & Buba, 919 N. Market Street, Suite 980, Wilmington, Delaware 19801, Attorneys for The Fairbanks Company.

Christian J. Singewald, Esquire, Rochelle L. Gumapac, Esquire, White and Williams LLP, Courthouse Square, 600 N. King Street, Suite 800, Wilmington, Delaware 19801, Attorneys for Ford Motor Company.

Jason A. Cincilla, Esquire, Amaryah K. Bocchino, Esquire, Ryan Browning, Esquire, Paul S. Seward, Esquire, Manning Gross + Massenburg, 1007 N. Orange Street, 10th Floor, Wilmington, Delaware 19801, Attorneys for The Goodyear Tire & Rubber Company.

**WHARTON, J.**

This 8th day of August, 2018, upon consideration of Plaintiffs Craig Charles Richards and Gloria Jeanne Richards' Motion for Leave to Supplement Expert Report Due to Changes in Substantive Law, and/or for Reargument ("Motion"),[1] the Responses in opposition of defendants Copes-Vulcan, Inc.,[2] Ford Motor Company,[3] The Goodyear Tire & Rubber Company,[4] the Defendants' Coordinated Joint Supplemental Response in Opposition to Plaintiffs' Motion for Leave to Supplement Expert Report Due to Changes in Substantive Law, and/or for Reargument,[5] and the record in this matter,[6] it appears to the Court that:

1.      On July 10, 2018, the Court granted summary judgment in favor of all four defendants.[7] In each instance, the Court based its decision on the recent opinion of the Ohio Supreme Court in *Schwartz v. Honeywell*,[8] in which the Ohio held that the theory of causation predicated on cumulative exposure, such as advanced by Plaintiffs' expert Dr. Mark Ginsberg, was insufficient to establish substantial factor causation under Ohio law.

---

[1] D.I. 231.
[2] D.I. 239.
[3] D.I. 240.
[4] D.I. 241.
[5] D.I. 242.
[6] It appears that The Fairbanks Company did not submit a response, but in light of the Court's decision, it does not deem The Fairbanks Company's opposition waived. To hold otherwise would produce an anomalous result.
[7] D.I. 224 (Copes-Vulcan, Inc.), 225 (The Fairbanks Company), 226 (Ford Motor Company), 227 (Goodyear Tire & Rubber Company).
[8] 2018 WL 793606 (Ohio 2018).

2. On June 16, 2017, Plaintiffs served Dr. Ginsberg's initial report on Defendants.[9] Dr. Ginsberg's conclusion, applicable to all defendants, was that:

> Mr. Richard's cumulative exposure to asbestos was a substantial contributing cause of his malignant mesothelioma. It is my further opinion, to a reasonable degree of medical certainty, that the cumulative exposure from each company's asbestos product or products was a substantial contributing factor in the development of Mr. Richardson's malignant mesothelioma. Each such product for which exposure can be shown was a cause of said disease.[10]

3. On February 8, 2018, the Supreme Court of Ohio released its opinion in *Schwartz*.[11] In *Schwartz*, the Court held that cumulative exposure causation was incompatible with Ohio statutory law, which requires an individualized determination for each defendant.[12] The Court also found other problems with cumulative exposure causation beyond its incompatibility with Ohio's statutory scheme.[13] Because this Court found that Dr. Ginsberg's cumulative exposure causation opinion would not pass muster under Ohio law, it granted the defendants summary judgment.

4. Plaintiffs' sought and were granted an opportunity to seek leave for Dr. Ginsberg to submit a supplemental report. In their Motion, Plaintiffs attach a

---

[9] D.I. 110.
[10] D.I. 231 at Ex. B.
[11] *Schwartz, supra.*
[12] *Id.* at *3.
[13] *Id.* at *4.

4

supplemental report from Dr. Ginsberg dated July 18, 2018.[14] In his supplemental report, Dr. Ginsberg concludes that Mr. Richards' exposures to each defendant's products "were sufficient to constitute a substantial factor in causing his mesothelioma."[15]

5.    In asbestos litigation, applications to modify the Master Trial Scheduling Order are reviewed under the "good cause" standard.[16] "Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."[17] "Properly construed, 'good cause' means that the scheduling deadlines cannot be met despite a party's diligent efforts."[18]

6.    Super. Ct. Civ. R. 60(b) provides that relief from a judgment or order may be granted under certain limited circumstances, including where there is "excusable neglect." As a general proposition, the party seeking relief under Rule 60(b) must establish that: 1) it acted in a reasonably prudent fashion; 2) it has the

---

[14] D.I. 231 at Ex. A.

[15] *Id.*

[16] *In re: Asbestos Litig. (Vala),* 2012 WL 2389898 at *1 (Del. Super.).

[17] *Incyte Corp. v. Flexus Biosciences, Inc.,* 2017 WL 7803923 at *3 (Del. Super.)(quoting *Coleman v. PricewaterhouseCoopers, LLC,* 902 A.2d 1102, 1107 (Del. 2006).

[18] *Rogers v. Bushey,* 2018 WL 818374 at *& (Del. Super.) (quoting *Candlewood Tiber Group LLC v. Pan American Energy LLC,* 2006 WL 258305 (Del. Super.)).

possibility of a meritorious claim; and 3) there is a lack of substantial prejudice to the non-moving party.[19] In addressing motions under Rule 60(b), the Court must consider whether a moving party acted in a reasonably prudent fashion, in other words whether there is excusable neglect, first.[20] The Court will only consider whether there is the possibility of a meritorious claim and whether the non-moving party would suffer substantial prejudice if a moving party acted in a reasonably prudent fashion.[21] Further, it is a moving party's burden to prove that it acted in a reasonably prudent fashion.[22]

7. In support of its excusable good cause/excusable neglect argument, Plaintiffs argue that: 1) they submitted their expert report eight months before *Schwartz* was decided; 2) there were only 22 days between the issuance of *Schwartz* and the due date for expert reports; and 3) the substantive law of Ohio had not been ordered as controlling on the date Plaintiffs' expert reports were due.[23] Plaintiffs appear to attach particular significance to this last consideration because it appears in bold in their Motion and is preceded by an introductory "importantly."[24] There is less to these arguments than meets the eye. The fact that Plaintiffs produced their

[19] *PNC Bank v. Sills*, 2006 WL 3587247 (Del. Super. Ct.) at *5.
[20] *Perry v. Wilson*, 2009 WL 1964787 at *1 (Del. Super. Ct.).
[21] *Id.*
[22] *Id.*
[23] D.I. 231 at ¶ 6.
[24] *Id.*

expert report eight months before the due date is of no particular significance. What is significant is how much time they had to produce a supplemental report *after* the decision in *Schwartz.* It is true that there were only 22 days between the issuance of *Schwartz* and the deadline for the submission of expert reports. But, it took Plaintiffs only *eight* days to produce a supplemental report from Dr. Ginsberg. Obviously, Plaintiffs could have produced a supplemental report before the expiration of the expert report deadline if they had undertaken to do so immediately following the release of *Schwartz.*

8.      The real problem for Plaintiffs is that they never sought leave for Dr. Ginsberg to supplement his report until *after* the Court had entered summary judgment against them. They did not seek leave to submit a supplemental report in the 81 days between the expiration of the expert report deadline and the service of the summary judgment motions of Ford Motor Company and Copes-Vulcan, Inc., both of which cited *Schwartz.*[25] Nor did they seek leave in the 105 days between the publication of *Schwartz* and their filing of their oppositions to the summary judgment motions of Ford Motor Company and Copes-Vulcan, Inc., despite addressing *Schwartz* in both responses, or in the 153 days until oral argument on the motions.[26] Further, the fact that Ohio substantive law was not ordered controlling

---

[25] D.I. 169 at 3 (Ford Motor Company), 176 at 11 (Copes-Vulcan, Inc.).
[26] *See* D.I. 191 (Ford Motor Company), 193 (Copes-Vulcan, Inc.).

until after the expert deadline is of no significance. Plaintiffs designated Ohio law as controlling in their complaint, and they have not suggested that there was any other state whose substantive law realistically might apply.[27] In short, Plaintiffs always knew Ohio substantive law would apply. The date of the Court's Order confirming that fact is of no help to them. By failing to seek leave to supplement their expert report until after summary judgment was entered against them, the Court finds that Plaintiffs have not demonstrated good cause/excusable neglect to warrant granting them leave to submit Dr. Ginsberg's supplemental report or to grant them reargument.[28]

THEREFORE, good cause and/or excusable neglect having not been established, Plaintiffs' Motion for Leave to Supplement Expert Report Due to Changes in Substantive Law, and/or for Reargument **DENIED**.

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

---

[27] D.I. 1 at ¶ 16.

[28] In their Motion, Plaintiffs seek reargument as to Defendants Ford Motor Company and Goodyear Tire & Rubber Company on the theory that _Schwartz_ makes clear that an expert opinion is not a mandatory component of a plaintiff's _prima facie_ case. Motion at ¶ 2, n. 1. The Court finds that interpretation of _Schwartz_ to be too broad. Further, absent Dr. Ginsberg's opinion, Plaintiffs are left without any expert medical opinion as to causation. At most, they simply would be able to present testimony about exposure, which is insufficient under Ohio law. _See, Terry v. Caputo_, 875 N.E. 2d 351 (Ohio 2007).